868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John P. SANDERSON, III, and Barbara Sanderson, Appellants,
v.
The UNITED STATES, Appellee.
 No. 88-1330.
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1989.
 
 Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 On this appeal, appellants, pro se, seek to overturn the General Services Administration Board of Contract Appeals (GSABCA or board) decision, GSABCA No. 7605, 88-1 BCA p 20,413. The board held that appellants were not entitled to recover against the government for the foreclosure and forfeiture to their secured lenders of three federal buildings which appellants undertook to build for the General Services Administration under three separate build/lease-back contracts. We affirm.
 
 
 2
 The GSABCA conducted a protracted hearing and rejected the claim essentially on the grounds that the losses suffered by appellants were due to their own mismanagement and to the arrangements made for necessary financing, and not due to alleged breach by the government for denying some requests by the contractors for time completion extensions. Appellants state in their reply brief that the "root" of their appeal is the error of the administrative judge in rejecting their testimony and accepting that of the government. It is well settled that judging the credibility of witnesses is the responsibility of the trier of the facts and is "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). The judges who sit on appeal have no opportunity to judge the credibility of the witnesses they have not seen or heard. It would only be proper to reject the trial judge's credibility determinations if the evidence accepted by the board is inherently improbable, is discredited by uncontroverted documentary evidence or physical fact, or it is found that the board acted with studied arbitrary design, which is not present here. Sternberger v. United States, 401 F.2d 1012 (Ct.Cl.1968). Where the record testimony conflicts we do not independently weigh the evidence and make new findings. Kumferman v. Department of the Navy, 785 F.2d 286, 290 (Fed.Cir.1986). Our review is limited by terms of the statute. 41 U.S.C. Sec. 609(b) (1982). A review of the GSABCA findings and conclusions, and the submissions of the parties, convinces us that the board's decision was correct. It was not arbitrary or capricious or in bad faith. It was supported by substantial evidence and is correct as a matter of law.